IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-50260
Summary Calendar

_____


HOMERO ACEVEDO,

                                        Petitioner-Appellant,

versus

ROBERT V. FRANCO, Warden, CHARLES
TURNBO, Regional Director, JOHN L.
MEGATHLIN, Administrator,

                                        Respondents-Appellees.


- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
USDC No. EP-94-CA-431-H
- - - - - - - - - -
(October 3, 1995)
Before KING, SMITH and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

    Homero Acevedo's notice of appeal of a district court order
denying him <u>in forma pauperis</u> (IFP) status on appeal has been
construed as a request from this court for leave to appeal IFP
the district court's order denying Acevedo's 28 U.S.C. § 2241
petition for federal habeas relief.  To be granted leave to
appeal IFP, Acevedo must demonstrate that he will present a

_____

        [*]    Local Rule 47.5 provides:  "The publication of opinions
that have no precedential value and merely decide particular
cases on the basis of well-settled principles of law imposes
needless expense on the public and burdens on the legal
profession."  Pursuant to that Rule, the court has determined
that this opinion should not be published.

nonfrivolous issue on appeal.  Carson v. Polley, 689 F.2d 562, 586 (5th Cir. 1982).

Acevedo contends that the Bureau of Prisons (BOP) and the U.S. Probation Office unconstitutionally altered his sentence by requiring him to begin paying his $5,000 fine during incarceration.  Acevedo also asserts that he was forced to assign at least 50% of his UNICOR (Federal Prison Industries, Inc.) earnings to the payment of his penal fine.

Payment of monetary fines are usually payable immediately unless otherwise directed by the district court.  18 U.S.C. § 3572(d).  There is nothing in Acevedo's judgment which demonstrates any intent by the district court to alter the statutory intent of immediate payment of Acevedo's penal fine. Additionally, mandatory participation in the Inmate Financial Responsibilities Program (IFRP), which requires inmates with UNICOR positions grade one through four to allot not less than 50% of their monthly pay to payment of monetary penalties, does not violate any constitutional right as such participation is reasonably related to a legitimate penological interest in encouraging inmates to rehabilitate themselves by developing a sense of financial responsibility.  James v. Quinlan, 866 F.2d 627, 630 (3rd Cir.), cert. denied, 493 U.S. 870 (1989); 28 C.F.R. § 545.11(b)(2).

Because Acevedo has failed to identify a non-frivolous issue, the motion for leave to proceed IFP on appeal is DENIED and the appeal is DISMISSED.  Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983); 5th Cir. R. 42.2.